Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401
Fax: (858) 509-9411

*Attorneys for Plaintiff BAUER BROS. LLC*

FILED
2009 MAR 12 PM 4:08

BY _____ KNK _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> NIKE, INC., an Oregon corporation, <br><br> Defendant. | CASE NO. <br> '09 CV 0500 W JMA <br><br> **COMPLAINT** <br><br> 1. Lanham Act Unfair Competition [15 U.S.C. §1125(a)] <br><br> 2. California Statutory Unfair Competition [Cal. Bus. & Prof. Code §17200 *et seq*] <br><br> 3. Common Law Unfair Competition <br><br> **DEMAND FOR A JURY TRIAL** |

COMPLAINT

Plaintiff makes the following allegations on information and belief.

## JURISDICTION AND VENUE

1. This action arises under the trademark and unfair competition laws of the United States (15 U.S.C. §1051, *et seq*), the unfair competition laws of the state of California (Cal. Bus. & Prof. Code §17200, *et seq*), and the common law of the state of California.

2. This Court has jurisdiction of this action under 15 U.S.C. §1121 (actions arising under Lanham Act), 28 U.S.C. §1331(federal question), and 28 U.S.C. §1338(a) (original jurisdiction relating to copyrights and trademarks).

3. This Court has jurisdiction over the supplemental claims arising under state law pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1367(a).

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c). This Court has personal jurisdiction over defendant and venue is proper in this district because, *inter alia*, (a) defendant or its agents are doing business in this district, (b) a substantial part of defendant's wrongful acts or omissions giving rise to plaintiff's claim occurred in this district, and (c) the harm caused by defendant's wrongful acts or omissions occurred in this district and defendant knew that said harm would occur in this district.

## THE PARTIES

5. Plaintiff BAUER BROS. LLC is a California limited liability company with its principal place of business in the Southern District of California. Plaintiff creates and sells apparel including, but not limited to, t-shirts under the brand "DON'T TREAD ON ME." Plaintiff's "DON'T TREAD ON ME" brand includes the "DON'T TREAD ON ME," "DTOM" and snake image trademarks. Plaintiff owns Federal Trademark Registration No. 2,959,755 for the word mark "DON'T TREAD ON ME" in International Class 25. International Class 25 includes clothing, footwear, and headgear. *See* Trademark Manual of Examining Procedure, §1401.01(a). Plaintiff began making use of its "DON'T TREAD ON ME" brand and trademarks on goods in International Class 25 in early 2004.

6. Defendant NIKE, INC. is an Oregon corporation doing business in the Southern District of California. Defendant sells products including, but not limited to, t-shirts and other

apparel under plaintiff's "DON'T TREAD ON ME" brand and trademarks without plaintiff's authorization. Defendant's infringing conduct persists despite having actual knowledge of plaintiff's rights and having unsuccessfully attempted to both purchase plaintiff's trademark and obtain its own trademark registration.

## FACTUAL BACKGROUND

Plaintiff's "Don't Tread On Me" Brand And TRADEMARKS

7. Starting in early 2004, plaintiff began screen printing and selling shirts and other articles of apparel under the brand "DON'T TREAD ON ME." Plaintiff's "DON'T TREAD ON ME" brand includes the "DON'T TREAD ON ME," "DTOM" and snake image trademarks (the "TRADEMARKS"). Since that time, plaintiff has continually used its "DON'T TREAD ON ME" brand and TRADEMARKS in interstate commerce on its products and advertisements. Plaintiff owns all right, title and interest in and to the "DON'T TREAD ON ME" brand and TRADEMARKS. Plaintiff uses its TRADEMARKS as source identifiers of its goods.

8. On March 15, 2005, plaintiff obtained Federal Trademark Registration No. 2,959,755 for the word mark "DON'T TREAD ON ME" in International Class 25.

9. Plaintiff publishes and maintains a website on the world wide web for its "DON'T TREAD ON ME" brand at www.dtom.com (the "DTOM Website"). The DTOM Website identifies the "DON'T TREAD ON ME" brand as a contemporary American lifestyle brand that celebrates the "rough and rugged American spirit" upon which our country was founded and for which it is known. The DTOM Website also contains links for the purchase of various "DON'T TREAD ON ME" brand products.

10. Plaintiff has extensively advertised and marketed its "DON'T TREAD ON ME" brand and TRADEMARKS. Plaintiff's "DON'T TREAD ON ME" brand apparel and TRADEMARKS have adorned numerous pop culture celebrities appearing in such forums as Blender Magazine, Teen Vogue, Rolling Stone, the Teen Choice Awards, the American Music Awards, Oprah, MTV's Total Request Live, the Ellen Show, the CBS Early Show, Regis & Kelly, and Katie Couric's All Access Grammy Special.

//

11. As a result of the continuous advertisement, promotion, distribution and sale of plaintiff's "DON'T TREAD ON ME" brand products, the "DON'T TREAD ON ME" brand and TRADEMARKS have acquired a secondary meaning in the mind of the public to identify a single source of products and advertisements.

12. As a result of the continuous advertisement, promotion, distribution and sale of plaintiff's "DON'T TREAD ON ME" brand products, the "DON'T TREAD ON ME" brand and TRADEMARKS have acquired a secondary meaning in the mind of the public to identify plaintiff as the source of products and advertisements.

13. Due to the continuous advertisement, promotion, distribution and sale of plaintiff's "DON'T TREAD ON ME" branded products and TRADEMARKS, the "DON'T TREAD ON ME" brand and TRADEMARKS have accumulated significant goodwill and wide public recognition, including but not limited to recognition by which plaintiff is known to the public. As a result, the "DON'T TREAD ON ME" brand and TRADEMARKS have become, and are, valuable and irreplaceable assets of plaintiff.

Defendant Attempts To Purchase Plaintiff's Brand And TRADEMARKS

14. On information and belief, prior to committing the wrongful acts complained of herein, defendant made an offer to purchase plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS. As the success and popularity of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS were growing and had become valuable assets to plaintiff, plaintiff flatly rejected defendant's offer.

Defendant Unsuccessfully Attempts To Register A Trademark Similar To Plaintiff's

15. On March 16, 2006, though fully aware of plaintiff's rights in its "DON'T TREAD ON ME" brand and TRADEMARKS, and plaintiff's use thereof, defendant filed a trademark application with the United States Patent and Trademark Office (the "USPTO") for the word mark "DON'T TREAD ON THIS" for use on, *inter alia*, t-shirts, sweatshirts, headwear and footwear.

16. Defendant's trademark application for "DON'T TREAD ON THIS" was an intent to use application. On information and belief, defendant had not used the mark "DON'T TREAD ON THIS" in connection with any of its products prior to March 16, 2006.

17. On September 15, 2006, the USPTO rejected defendant's trademark application for "DON'T TREAD ON THIS" on the basis that defendant's use of its claimed trademark would cause confusion with plaintiff's registered trademark in "DON'T TREAD ON ME."

18. Defendant failed to respond the USPTO's rejection of its word mark "DON'T TREAD ON THIS." Accordingly, defendant's trademark application was deemed abandoned on March 19, 2007.

<u>Defendant Willfully Infringes Upon Plaintiff's Rights</u>

19. Despite having unsuccessfully attempted to purchase plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS and having failed to register its own trademark due to a likelihood of confusion with plaintiff's registered trademark, defendant has used the "DON'T TREAD ON ME" brand and TRADEMARKS on and in connection with defendant's goods, including clothing apparel and footwear. On information and belief, defendant has also used the "DON'T TREAD ON ME" brand and TRADEMARKS in connection with defendant's advertisements.

20. By way of a letter sent via overnight delivery on May 7, 2008, plaintiff contacted defendant and informed defendant that it was infringing upon plaintiff's rights in plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS and misappropriating plaintiff's valuable goodwill therein. After correspondence between the parties, defendant has refused to cease and desist its unlawful and wrongful conduct.

21. On information and belief, defendant is continuing to use plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS in connection with defendant's products and advertisements.

22. On information and belief, defendant is willfully and in bad faith attempting to exploit the good will, secondary meaning and public recognition plaintiff has built in its "DON'T TREAD ON ME" brand and TRADEMARKS by using them in connection with defendant's products and advertisements.

23. Defendant's unauthorized use of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS on or in connection with its products is likely to cause confusion or mistake as to the sponsorship, affiliation and origin of products. Defendant's use of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS is likely to confuse consumers into believing that plaintiff is

the source of defendants' unauthorized merchandise. Such use is also likely to confuse consumers into believing that plaintiff is affiliated with defendant. Such use further is likely to confuse consumers into believing that defendant's products are sponsored, endorsed or approved by plaintiff. Additionally, such use is likely to confuse consumers into believing that defendant's unauthorized merchandise and plaintiff's merchandise are the same and/or come from the same source.

24. As a result of defendant's unauthorized use of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS, members of the public cannot distinguish between the source of plaintiff's products and defendant's products.

## FIRST CAUSE OF ACTION
### (Lanham Act Unfair Competition)
### (15 U.S.C. §1125(a))

25. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. As a result of plaintiff's Federal Trademark Registration for "DON'T TREAD ON ME," plaintiff's "DON'T TREAD ON ME" trademark is presumed to be valid and distinctive, and to have acquired secondary meaning.

27. The TRADEMARKS are inherently distinctive when used on the goods included in International Class 25.

28. The "DON'T TREAD ON ME" brand and TRADEMARKS have acquired a secondary meaning in the mind of the public to identify plaintiff as the source of products, including, but not limited to, shirts, hats, caps, belts, bandanas, coats, jeans, shorts, and sweatshirts.

29. Defendant has used plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS in commerce, including in connection with the advertisement, promotion, distribution, offering for sale, and sale of defendant's products, including but not limited to footwear and apparel.

30. Defendant's advertisement, distribution, offering for sale and sale of products using plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS is likely to cause confusion, deception or mistake in the mind of the public that plaintiff is the source of defendant's products, that plaintiff is affiliated with defendant, that defendant's products are sponsored, endorsed or

approved by plaintiff, that defendant's products and plaintiff's products are the same and/or come from the same source, and/or that defendant is the source of plaintiff's products.

31. Defendant's use in commerce of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS as described above, constitutes a false designation of origin.

32. Defendant's use in commerce of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS as described above, constitutes a false or misleading description of fact, or false or misleading representation of fact.

33. Defendant's use in commercial advertising and/or promotion of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS misrepresents the nature, characteristics, qualities, or geographic origin of defendant's and/or plaintiff's goods, services, or commercial activities.

34. Defendant, in connection with its goods or services, has used and continues to use a false or misleading description of fact or a false or misleading representation of fact which:

    a. is likely to cause confusion, or to cause mistake, or to deceive as to the commercial activities by another person, or

    b. misrepresents the nature, characteristics or qualities of defendant's or plaintiff's goods, services, or commercial activities.

35. Defendant, by its acts complained of herein, has infringed and is continuing to infringe plaintiff's rights in plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS and has competed unfairly with plaintiff.

36. On information and belief, defendant's conduct, as described above, has been, and is, being committed willfully with the intention of deceiving the public and misappropriating and diverting to defendant the valuable goodwill and reputation associated with plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS. Defendant knew that it was not entitled to use plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS in connection with the advertising, promotion, offering for sale, or sale of its products, and that to do so would confuse, mislead and deceive the public, but did so anyway.

37. On information and belief, defendant's conduct, as described above, has been, and is, being committed willfully and with reckless disregard and indifference as to plaintiff's rights in

plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS. Defendant knew that plaintiff was the sole owner of the "DON'T TREAD ON ME" brand and TRADEMARKS, and that the public associated the same with plaintiff, yet used them in connection with the advertising, promotion, offering for sale, or sale of defendant's products.

38. Irreparable injury to plaintiff from defendant's infringing conduct is actual and/or presumed, and will continue unless defendant is enjoined and restrained by the Court.

39. On information and belief, defendant's unlawful and infringing conduct has resulted in substantial profits to defendant. The amount of defendant's ill-gotten gains is currently unascertainable.

40. Plaintiff has no adequate remedy at law because injury to the reputation and goodwill associated with plaintiff and plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS cannot be quantified, and such injury cannot be compensated by monetary amounts.

41. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendant to prevent the further violation of 15 U.S.C. §1125(a) and directing defendant to file with the Court and serve on plaintiff a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction.

42. Pursuant to 15 U.S.C §1117, plaintiff is entitled and seeks to recover:
   a. Defendant's profits;
   b. Any and all damages sustained by plaintiff;
   c. Treble damages or profits;
   d. Costs of the action; and
   e. Reasonable attorney fees per statute.

### SECOND CAUSE OF ACTION
(Statutory Unfair Competition)
(Cal. Bus. & Prof. Code §17200, *et seq.*)

43. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. This cause of action is brought pursuant to Cal. Bus. & Prof. Code §17200, *et seq.*

//

45. Defendant has committed and continues to commit an unlawful, unfair or fraudulent business act or practice within the meaning of Cal. Bus. & Prof. Code §17200.

46. Defendant engaged and continues to engage in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof. Code §17200.

47. Defendant has committed and continues to commit an act prohibited by Cal. Bus. & Prof. Code §17500.

48. Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks:

   a. Such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by defendant of any practice which constitutes unfair competition;

   b. Restitution to plaintiff of any money or property, real or personal, which may have been acquired by means of defendant's unfair competition.

### THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement)

49. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. In addition to plaintiff's rights under federal law, plaintiff has valid and existing state law rights with respect to plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS.

51. Plaintiff has built up valuable goodwill in plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS.

52. Plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS have acquired secondary meaning such that consumers associate them with plaintiff.

53. Defendant's commercial use of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS is likely to cause confusion, mistake and deception in the public as to the source, origin, sponsorship endorsement or affiliation of defendant's goods.

54. Defendant continues to engage in its wrongful conduct, described above, with knowledge that its conduct is likely to cause confusion, mistake or deception.

//

55. Defendant's use of plaintiff's "DON'T TREAD ON ME" brand and TRADEMARKS has been in violation of plaintiff's common law trademark rights and has caused damage to plaintiff by, misappropriating, diluting and tarnishing the valuable reputation and image associated with plaintiff and its products.

56. Members of the consuming public are likely to and do believe that defendant's products emanate from or are associated or affiliated with plaintiff and plaintiff's products.

57. As a direct and proximate result of defendant's wrongful conduct, defendant has caused plaintiff irreparable harm and injury.

58. Defendant acted with oppression, fraud or malice as a result of the above conduct allowing plaintiff to recover punitive damages for the sake of example and by way of punishing defendant.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief on all causes of action against defendant as follows:

1. Plaintiff recover damages in an amount to be proven at trial;

2. Plaintiff recover defendant's profits in an amount to be proven at trial;

3. Plaintiff recover up to treble damages and/or profits as allowed by statute in an amount to be proven at trial;

4. Plaintiff recover punitive damages against defendant in an amount appropriate to punish or make an example of defendant;

5. A constructive trust be placed over all monies paid to defendant (which monies are traceable to the defendant who is the current possessors and trustees of such funds) as a result of defendant's wrongful conduct to prevent unjust enrichment by defendant and to avoid dissipation and/or fraudulent transfers of such monies by the defendant;

6. An injunction against defendant to prevent the violation of plaintiff's registered trademark rights;

7. An injunction against defendant to prevent the violation of 15 U.S.C. §1125(a);

//

8. An order enjoining defendant from continuing to engage, use, or employ any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code;

9. Restitution to plaintiff of any money or property, real or personal, which may have been acquired by means of defendant's unfair competition;

10. Attorney fees to the extent authorized by statute, agreement or law, including, *inter alia*, 15 U.S.C. §1117;

11. Costs of this suit;

12. Pre-judgment and post-judgment interest, as permitted by the Court or under statute;

13. A jury trial on all claims so triable; and

13. Such other and further relief as the Court may deem necessary or appropriate.

Dated: March 11, 2009

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

_____
Alexander E. Papaefthimiou

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff BAUER BROS. LLC.*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: March 11, 2009

                              Respectfully submitted,

                              LAW OFFICES OF DARREN J. QUINN
                              DARREN J. QUINN
                              ALEXANDER E. PAPAEFTHIMIOU

                              _____
                              Alexander E. Papaefthimiou

                              12702 Via Cortina, Suite 105
                              Del Mar, CA 92014
                              Telephone: (858) 509-9401

                              *Attorneys for Plaintiff BAUER BROS. LLC*

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BAUER BROS. LLC, a California Corporation

**(b)** County of Residence of First Listed Plaintiff: **San Diego County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Darren J. Quinn, 12702 Via Cortina Suite 105, Del Mar, CA
(858) 509-9401

## DEFENDANTS
NIKE, INC., an Oregon Corporation            2009 MAR 12  PM 4:08

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  **'09 CV 0500 W JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**[15 U.S.C. §1125]**
Brief description of cause:
Lanham Act Unfair competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

**DATE** 03/11/2009
**SIGNATURE OF ATTORNEY OF RECORD**

---

**FOR OFFICE USE ONLY**

RECEIPT # 160953  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PB 09/12/09

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 160953       - MB
* * C O P Y * *
March 12, 2009
16:06:24

       Civ Fil Non-Pris
USAO #.: 09CV0500 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:
Check#.: 2534              $350.00 CK


Total->   $350.00


FROM: BAUER BROS LLC VS NIKE INC
```