UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company,<br><br>                              Plaintiff,<br>   vs.<br><br>NIKE, INC., an Oregon corporation,<br><br>                              Defendant. | CASE NO. 09-CV-500 W(BGS)<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT**<br>**(Doc. No. 22)** |

Pending before the Court is Defendant Nike, Inc.'s ("Nike") motion to enforce settlement. The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1) For the reasons stated below, the Court **DENIES** Defendant's motion. (Doc. No. 22.)

I.  BACKGROUND

Nike has sponsored the United States men's soccer team since 2005. (Doc. No. 22-1 at 4.) In an effort to bring awareness to the team, Nike adopted a promotional campaign using the historic rallying cry, "DON'T TREAD ON ME," to spark national pride. Id. Since 2005, the phrase has been used in soccer publications and on promotional products and merchandise. (Id. at 5.)

Plaintiff Bauer Brothers LLC ("Bauer Brothers") creates and sells apparel. Its product line includes clothing bearing the trademarked phrase "DON'T TREAD ON ME." (Doc. No. 1.) Bauer Brothers owns this trademark and, in March 2009, brought suit against Nike for trademark infringement. Id.

On May 18, 2009, both parties met at an Early Neutral Evaluation ("ENE") Conference before Magistrate Judge Adler. (Doc. No. 13.) During that conference, the parties were able to reach a settlement. The settlement included nine conditions, each of which were placed on the record orally. (Doc. No. 22 at Exh A.)

The seventh condition, in its entirety, reads:

> Point number seven, is Nike will provide in two weeks the declaration confirming that it has not made any profits on its "Don't Tread On Me" or "DTOM" products that it has sold.

(Doc. No. 22, Exh A at 2:14–18.) The settlement transcript does not include an explanation of how the parties would define "profits."

On June 11, 2009, Nike sent a declaration to Bauer Brothers to satisfy the "no profit" condition. (See Doc. No. 27 - Filed under Seal) Bauer Brothers objected to Nike's "no profit" declaration and has refused to dismiss the lawsuit.

As a result, Nike has filed the instant motion to enforce the May 18th settlement. (Doc. No. 22.) Since the date of that filing, the case was transferred to Magistrate Judge Gallo (Doc. No. 30), and then to Magistrate Judge Skomal. (Doc. No. 31.) Magistrate Judge Adler is no longer associated with this case.

## II.  LEGAL STANDARD

It is well settled that a district court has the equitable power to enforce a settlement agreement for a case pending before it. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); see Mid-South Towing Co. V. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir. 1984); Aro Corp. V. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir. 1976); Autera v.

1  Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969). However, settlement agreements
2  should only be enforced if they are complete. Id. Summary enforcement of a settlement
3  agreement "is ill-suited to situations presenting complex factual issues related either to
4  the formation or the consummation of the [settlement] contract, which only testimonial
5  exploration in a more plenary proceeding is apt to satisfactorily resolve." Russell v. Puget
6  Sound Tug & Barge Co., 737 F.2d 1510, 1511 (9th Cir. 1984); quoting Autera, 419 F.2d
7  1197 at 1200.

### III. DISCUSSION

The "no profit" declaration that Nike provided to Bauer Brothers was submitted to the Court under seal. (See Doc. No. 27.) Generally, it indicates a positive gross margin on three "DTOM" products. However, the total gross margin is less than the amount Nike spent on the advertising and promotional support of U.S. soccer. Because Nike's expenditures exceed the profits generated, Nike believes it has satisfied the "no profit" condition of the May 18th settlement agreement.

Bauer Brothers has refused to dismiss this case because it believes that Nike's "no profit" declaration is either (a) a breach of the settlement terms (because it shows that Nike did make a profit) or (b) that there never was an agreement based upon misrepresentations by Nike. (Doc. No. 28 at 3.) The Court agrees with Bauer Brothers, but only to the extent that the settlement can not currently be enforced.

The May 18th settlement agreement does not indicate how Nike's lack of profits would be calculated. Nike's self-created method is simple, indicates a lack of profit, and was provided under penalty of perjury. It is also vague and generously broad when defining the advertising deductions. Thus, the Court can perceive why Nike believes their declaration was sufficient, and why Bauer Brothers objects to it. But it remains unclear as to why Bauer Brothers believes it is entitled to anything more given the terms of the settlement. (See Doc. No. 22, Exh A at 2:14–18.)

In support of their arguments regarding how they agreed to define profits, both parties have cited comments that were made to Magistrate Judge Adler during the ENE. This Court is not in a position to give credence to any of those comments. And neither party has addressed whether the Nike declaration was timely. Indeed, it appears that it was not timely, which seemingly frustrates the literal enforcement of condition seven that Nike seeks.

Thus, as briefed, the Court concludes that the issue presented is ill-suited for summary enforcement. See Russell, 737 F.2d at 1511. Nike's motion to enforce the settlement is therefore **DENIED** without prejudice.

Despite this conclusion, the Court remains hopeful that the parties can resolve the "lack of profits" determination and achieve a resolution out of the May 18th settlement agreement.

## II. CONCLUSION

For the reasons stated above, Nike's motion to enforce the settlement is **DENIED** without prejudice. (Doc. No. 22.)

Additionally, the parties are hereby **ORDERED** to jointly call Magistrate Judge Skomal's chambers within three court days of the date of this order to discuss the status of this case and the scheduling of future dates.

**IT IS SO ORDERED.**

DATED: June 4, 2010

_____
Hon. Thomas J. Whelan
United States District Judge