FILED

2010 NOV -5 PM 1:15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company,<br><br>                               Plaintiff,<br>vs.<br>NIKE, INC., an Oregon Corporation,<br><br>                               Defendant.<br><br>NIKE, INC., an Oregon Corporation,<br><br>                               Counterclaimant,<br>vs.<br>BAUER BROS. LLC, a California limited liability company,<br><br>                               Counterdefendant. | CASE NO. 09cv500-WQH-BGS<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are (1) the Motion to Strike Affirmative Defenses and Dismiss Counterclaims ("Motion to Strike and Dismiss"), filed by Plaintiff/Counterdefendant Bauer Bros. LLC ("Bauer") (ECF No. 42); and (2) the Motion to Amend and Request for the Court to Deny as Moot and Take Off Calendar Bauer Bros.' Pending Motion to Strike and to Dismiss ("Motion to Amend"), filed by Defendant/Counterclaimant Nike, Inc. ("Nike") (ECF No. 44).

## I. Background

    On March 12, 2009, Bauer initiated this action by filing a Complaint against Nike. (ECF No. 1). Bauer alleges it is the owner of registered trademarks for "Don't Tread on Me"

1  and "DTOM." Bauer alleges Nike sells products under Bauer's trademarks without Bauer's
2  authorization. The Complaint alleges causes of action for unfair competition pursuant to the
3  Lanham Act, 15 U.S.C. § 1125, California's Unfair Competition Law, Cal. Bus. & Prof. Code
4  §§ 17200, *et seq.*, and common law.

5  On April 3, 2009, Nike filed an Answer and Counterclaims. (ECF No. 4). In the
6  Counterclaims, Nike seeks cancellation of Bauer's trademarks and seeks damages for fraud.

7  On April 23, 2009, Bauer filed a Motion to Strike Affirmative Defenses and Dismiss
8  Counterclaims. (ECF No. 12).

9  On May 20, 2009, the parties filed a Joint Motion to Remove Motion to Dismiss from
10 Calendar in Light of Settlement. (ECF No. 15). The parties stated that "the case settled, and
11 the terms of the settlement were placed on the record" at the May 18, 2009 Early Neutral
12 Evaluation Conference before the Magistrate Judge. *Id.* at 2.

13 On May 21, 2009, the Court granted the joint motion and denied the Motion to Strike
14 Affirmative Defenses and Dismiss Counterclaims without prejudice. (ECF No. 16).

15 On September 8, 2009, Nike filed a Motion to Enforce Settlement. (ECF No. 22).

16 On June 4, 2010, the Court denied the Motion to Enforce Settlement. (ECF No. 32).

17 On September 23, 2010, Bauer filed the pending Motion to Strike and Dismiss. (ECF
18 No. 42).

19 On October 8, 2010, Nike filed Amended Counterclaims. (ECF No. 43).

20 On October 8, 2010, Nike filed the Motion to Amend. (ECF No. 44). Nike asserts that
21 "[t]he proposed Answer amends several affirmative defenses that are subject to Bauer's
22 September 23, 2010 Motion to Strike under Fed. R. Civ. P 12(f) and it adds affirmative
23 defenses based on the May 2009 settlement agreement reached between the parties and based
24 on Plaintiff's failure to mitigate its alleged damages." (ECF No. 44-1 at 2). Nike attaches a
25 proposed first amended answer to its motion. Nike also "requests that the Court deny as moot
26 and take off calendar Bauer's pending Rule 12(b)(6) and 12(f) motion in view of the instant
27 motion and Nike's concurrent filing of its Amended Counterclaims against Bauer." *Id.* at 5.
28 On October 25, 2010, Bauer filed a reply in support of its Motion to Strike and Dismiss.

(ECF No. 48). Bauer contends:

> Nike filed its Amended Counterclaim well past '21 days after service of a motion under Rule 12(b), (e), or (f).' Rule 15(a)(1)(B)....
>
> The twenty-one (21) day period should not be reset simply because plaintiff was forced to re-file the motion [to] dismiss after Nike refused to provide any further breakdown of its advertising and promotional expenses or provide revenue information for products sold after May 18, 2009 settlement on the record that contained plaintiff's 'DON'T TREAD ON ME' and 'DTOM' trademarks. Accordingly, Nike's Counterclaim [Docket No. 4] is the operative pleading. Nike's Amended Counterclaim [Docket No. 43] should be struck.

*Id.* at 4-5; *see also id.* at 8 ("Bauer respectfully requests this Court dismiss Nike's Counterclaim and strike Nike's Amended Counterclaim."). Bauer states: "Plaintiff does not oppose the filing of the proposed amended answer. Accordingly, plaintiff's motion to strike the affirmative defenses is moot." *Id.* at 8.

On November 3, 2010, Bauer filed a Non-Opposition to Defendant's Motion to Amend Answer. (ECF No. 50).

## II. Discussion

### A. Motion to Amend Answer

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the unopposed Motion for Leave to Amend the Answer is granted.

### B. Motion to Strike and Dismiss

Prior to December 1, 2009, Federal Rule of Civil Procedure 15(a)(1) allowed a party to amend its pleading once as a matter of course at any time before being served with a responsive pleading. *See Rick-Mik Enters. v. Equilon Enters., LLC*, 532 F.3d 963, 977 (9th Cir. 2008)("Under Federal Rule of Civil Procedure 15(a), 'a party may amend its pleading once as a matter of course ... before being served with a responsive pleading.'"). "A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)." *Id.* (citation omitted).

On December 1, 2009, Federal Rule of Civil Procedure 15(a) was amended to provide:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

Even if Bauer's contention that "[t]he twenty-one (21) day period [Rule 15(a)(1)] should not be reset simply because plaintiff was forced to re-file the motion the dismiss" was correct, the amendment to Rule 15(a)(1) which introduced the 21-day period was not in effect at the time Bauer filed its original Motion to Strike Affirmative Defenses and Dismiss Counterclaims, or at the time that Court denied Bauer's motion. After the effective date of the amendment to Rule 15, Nike filed its Amended Counterclaims, less than 21 days after Bauer filed the pending Motion to Strike and Dismiss. The Court concludes that, pursuant to Rule 15(a)(1), Nike was not required to seek leave of Court to file the Amended Counterclaims. Bauer's request to strike the Amended Counterclaims is denied.

Once filed, an amended pleading supersedes the original pleading in its entirety. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Bauer's Motion to Strike and Dismiss, addressing the original Counterclaims and Answer, is denied as moot.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Strike Affirmative Defenses and Dismiss Counterclaims is DENIED as moot (ECF No. 42); and the Motion to Amend and Request for the Court to Deny as Moot and Take Off Calendar Bauer Bros.' Pending Motion to Strike and to Dismiss is GRANTED (ECF No. 44). No later than seven (7) days from the date this Order is filed, Nike shall file the proposed first amended answer attached to the Motion to Amend as Exhibit A.

Dated: 11/5/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE