# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company, | CASE NO. 09cv500-WQH-BGS |
| Plaintiff, | ORDER |
| vs. | |
| NIKE, INC., an Oregon Corporation, | |
| Defendant. | |
| NIKE, INC., an Oregon Corporation, | |
| Counterclaimant, | |
| vs. | |
| BAUER BROS. LLC, a California limited liability company, | |
| Counterdefendant. | |

HAYES, Judge:

The matters before the Court are (1) the Motion to Dismiss and Strike Amended Counterclaims, filed by Plaintiff/Counterdefendant Bauer Bros. LLC ("Bauer") (ECF No. 59); and (2) the Motion to Stay Discovery Regarding Counterclaims for Fraud, filed by Bauer (ECF No. 60).

## I.   Background

On March 12, 2009, Bauer initiated this action by filing a Complaint against Defendant Nike, Inc. ("Nike"). (ECF No. 1). Bauer alleges it is the owner of registered trademarks for "Don't Tread on Me" and "DTOM" on apparel. Bauer alleges Nike sells apparel bearing Bauer's trademarks without Bauer's authorization. The Complaint alleges causes of action for

unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and common law.

On April 3, 2009, Nike filed an Answer and Counterclaims. (ECF No. 4).

On October 8, 2010, Nike filed Amended Counterclaims. (ECF No. 43). The Amended Counterclaims allege that Bauer's trademark registrations for "Don't Tread on Me" and its abbreviation, "DTOM," were obtained from the U.S. Patent and Trademark Office through fraud and should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119. Count I alleges:

> 7. On April 9, 2004, Bauer Bros. filed Application Serial No. 78/399,375 (the ''375 Application') to register the alleged mark DON'T TREAD ON ME with the U.S. Patent and Trademark Office (USPTO). The '375 Application was based on Lanham Act Section 1(a) – use in commerce – claiming a first use date of March 11, 2004. The '755 Registration matured from the '375 Application and was issued by the USPTO on June 7, 2005.
>
> 8. The '375 Application and '755 Registration identify the following goods upon which Bauer claimed to be using the DON'T TREAD ON ME mark as of the filing date: 'Apparel, namely, men, women and children's apparel, namely, ... galoshes ... [and] ski bibs....'
>
> 9. The '375 Application, signed by Luke Bauer, a member of Bauer, included a sworn statement pursuant to 37 C.F.R. § 2.20 as follows:
>
>> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief **no other person, firm, corporation, or association has the right to use the mark in commerce**, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and **that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true**.
>
> (Emphasis added).
>
> 10. Based upon Counter-claimant's reasonable investigation, and on information likely to be discovered during discovery in this action, Bauer was not using 'DON'T TREAD ON ME' as a trademark in connection with each and every one of the 115 items that Bauer included in its description of goods as of either the filing date of the '375 Application or as of the issuance of the '755

1 Registration. Such goods include, by way of example and not by way of limitation, 'ski bibs' and 'galoshes.'

2

11. On information and belief, Bauer knew that it was not using 'DON'T TREAD ON ME' as a trademark in connection with one or more of the 115 items identified in its description of goods as of the filing date of the '375 Application.

12. On information and belief, Bauer's statement that it was using the mark 'DON'T TREAD ON ME' in connection with all of the 115 items identified in its '375 Application was a false misrepresentation of material fact, and constitutes fraud on the U.S. Patent and Trademark Office.

13. Prior to claiming in the sworn statement that 'no other person, firm, corporation, or association has the right to use the mark in commerce,' Bauer was fully aware of the historical significance and origin of the phrase 'Don't Tread on Me.'

14. Prior to claiming in the sworn statement that 'no other person, firm, corporation, or association has the right to use the mark in commerce,' Bauer was fully aware that third parties had used and were using the phrase 'Don't Tread on Me' on apparel.

15. In connection with the '375 Application, Mr. Bauer also attested that 'The applicant is submitting or will submit one specimen for each class showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services.' However, according to the USPTO TDR records, no specimen of use is shown as filed with the U.S. Patent and Trademark Office in connection with the Application.

16. Bauer's statements of exclusivity and of its use on all of the goods listed in the '375 Application and '755 Registration were both fraudulent and material. Bauer made all of the foregoing misrepresentations with the intent to deceive the USPTO so that it would rely on the misrepresentations and grant registration of the 'DON'T TREAD ON ME' mark to Bauer. But for Bauer's sworn statement, the USPTO would not have issued a registration covering goods upon which the mark had not been used, and separately, it would not have issued a registration for a historical phrase over which Bauer cannot rightfully claim exclusive use as a trademark. Ultimately, the USPTO reasonably relied on Bauer's sworn statements in determining Bauer's rights to, and issuing, the '755 Registration to Bauer.

17. In summary, Bauer procured the registration for the DON'T TREAD ON ME mark by false means and/or by knowing and willfully making false and/or fraudulent declarations or representations with the intent to deceive the USPTO. Bauer knew at the time it filed its Section 1(a) application that its sworn statements regarding exclusivity and scope of use were both false.

18. Moreover, Bauer has knowingly and willfully perpetrated its fraud and/or misrepresentations to the USPTO by failing to amend its '755 Registration in the face of Nike's original counterclaim under Section 1119 and Nike's petition to cancel the '755 registration.

19. Nike has been damaged and will continue to be damaged by the '755 Registration, and Bauer has used that registration as a basis of its Complaint against Nike.

20. For the above reasons, the '755 Registration issued as a result of fraud and should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119.

(ECF No. 43 at 2-5). Count II contains similar allegations regarding "the alleged mark DTOM (an abbreviation of 'Don't Tread on Me')," except Count II does not allege that third parties had used or were using "DTOM" on apparel. *Id*. at 5.

On December 3, 2010, Bauer filed the Motion to Dismiss and Strike Amended Counterclaims pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(f). (ECF No. 59). Bauer contends:

> Nike's counterclaims asserted in the Amended Counterclaims, and each of them, fail to state a claim upon which relief may be granted and are not pled with particularity, and further, that the allegations in Paragraphs 8, 10-17, 23, 25-30 and 32 of the Amended Counterclaims, and Nike's prayer for the recovery of attorney fees, are redundant, immaterial, impertinent, are made in support of inadequately pled claims, and/or are not recoverable as a matter of law.

(ECF No. 59-1 at 5). Bauer requests that the Amended Counterclaims and Nike's prayer for attorney fees be dismissed and/or stricken without leave to amend.

On December 13, 2010, Bauer filed the Motion to Stay Discovery Regarding Counterclaims for Fraud. (ECF No. 60). Bauer moves the Court for an order staying discovery regarding Nike's fraud claims until Nike files a counterclaim which alleges fraud with the particularity required by the applicable rules.

On December 27, 2010, Nike filed an opposition to the Motion to Dismiss and Strike Amended Counterclaims and the Motion to Stay Discovery Regarding Counterclaims for Fraud. (ECF Nos. 61, 62). Nike contends that the Amended Counterclaims are properly pled pursuant to the applicable rules and Nike's attorney fees are potentially recoverable pursuant to the Lanham Act. Nike contends that discovery should not be stayed, even if Bauer's motion to dismiss is granted because, inter alia, the disputed discovery requests are also relevant to claims and defenses other than the fraud counterclaims.

On January 3, 2011, Bauer filed replies in support of the pending motions. (ECF Nos. 64, 65).

**II. Discussion**

  **A. Motion to Dismiss**

### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint or counterclaim lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

For all allegations of fraud, Federal Rule of Civil Procedure 9(b) requires that "a party ... state with particularity the circumstances constituting fraud," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotations omitted).

### 2. Analysis

The Amended Counterclaims seek cancellation of Bauer's trademark registrations for "Don't Tread on Me" and "DTOM" pursuant to 15 U.S.C. §§ 1064 and 1119. Section 1119 gives the court the authority to order the cancellation of trademark registrations. "A third party may petition to cancel a registered trademark on the ground that the 'registration was obtained fraudulently.'" *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quoting 15 U.S.C. § 1064(3)). "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application." *Id.* (quotation omitted); *see also Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir.

1  2006) (same).

2    The Amended Counterclaims allege fraud based upon the following statements made
3  by Bauer in the trademark applications at issue: (a) the statement that "no other person, firm,
4  corporation, or association has the right to use the mark in commerce," and (b) "Bauer's
5  statement that it was using the mark ... in connection with all of the 115 items identified in its
6  ... Application." (ECF No. 43 ¶¶ 12-14 (Count I), 27-28 (Count II)).

7       **a. Statement that No Other Party Has the Right to Use the Mark**

8    Nike alleges that Bauer's statement that "to the best of his/her knowledge and belief no
9  other person ... has the right to use the mark in commerce" was a fraudulent misrepresentation
10 because "Bauer was fully aware of the historical significance and origin of the phrase,"
11 and–with respect to the phrase "Don't Tread on Me"–"Bauer was fully aware that third parties
12 had used and were using the phrase ... on apparel." *Id*. ¶¶ 13-14, 28.

13   The claim of fraud alleged by Nike requires the following:

14 > To withstand a motion to dismiss, a plaintiff claiming that the declaration or oath in the defendant's application for registration was executed fraudulently, in that there was another use of the same or a confusingly similar mark at the time the oath was signed *must allege particular facts* which, if proven, would establish that: (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled.

*Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203, 1206 (Trademark Tr. & App. Bd. 1997) (emphasis added).[1]

  The Amended Counterclaims fail to allege the following: a specific person or entity who previously used the phrase at issue on apparel; that "the other user had legal rights superior to [Bauer]'s"; and that Bauer "knew that the other user had rights in the mark superior

---

[1] The Ninth Circuit has stated that the PTO's Trademark Trial and Appeal Board ("TTAB") is an authority "whose expertise we respect and whose decisions create expectations." *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1095 (9th Cir. 2004); *see also Buti v. Perosa, S.R.L.*, 139 F.3d 98, 105 (2d Cir. 1998) ("We have noted on many occasions that the decisions of the TTAB, while not binding within this Circuit, are nonetheless to be accorded great weight.") (quotation omitted).

to [Bauer]'s." *Id.*; *see also Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) ("[T]he statement of an applicant that no other person 'to the best of his knowledge' has the right to use the mark does not require the applicant to disclose those persons whom he may have heard are using the mark *if he feels that the rights of such others are not superior to his*.") (quoting *Yocum v. Covington*, 216 U.S.P.Q. 210, 216-17 (Trademark Tr. & App. Bd. 1982)); *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1235 (C.D. Cal. 2007) (allegation that the applicant knew of counterclaimant's prior use of the same mark is insufficient to satisfy Rule 9(b) because "[m]ere knowledge of another's actual use of the mark is insufficient to constitute fraud") (citing *Quiksilver*, 466 F.3d at 755).

Nike has failed to offer any authority for the proposition that a trademark with historical significance is not subject to registration. Even if Nike had done so, the Amended Counterclaims do not allege with particularity "the historical significance and origin" of the phrases at issue (ECF No. 43 ¶¶ 13, 28), nor do they allege that, because of that historical significance, Bauer knew that no trademark could be rightfully issued as to the phrases at issue. *See Aureflam Corp. v. Pho Hoa Phat I, Inc.*, No. C-05-746, 2005 WL 2253813, at *3 (N.D. Cal., Sept. 16, 2005) (allegations that applicant knew that "many restaurants us[e] the name 'Pho Hoa' as part or all of their name," and "the name 'Pho Hoa' is commonly known by those who share Vietnamese culture as generically designating a restaurant that serves pho" constituted a "generalized statement of [the applicant]'s alleged knowledge containing conclusions but without factual support does not rise to the level of particularity outlined in *Intellimedia Sports* and required by Fed. R. Civ. Pro. 9(b)").

The Court concludes that the allegations of fraud related to Bauer's statement that "to the best of his/her knowledge and belief no other person ... has the right to use the mark in commerce" are not alleged with the particularity required by Rule 9(b). As to these allegations, the Motion to Dismiss the Amended Counterclaims is granted and the Amended Counterclaims are dismissed without prejudice. *Cf. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice. Leave to amend should be granted

unless the district court determines that the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted).

### b. Statement that the Mark Was Used with the Identified Items

The Amended Counterclaims allege fraud based upon "Bauer's statement that it was using the mark ... in connection with all of the 115 items identified in its ... Application." (ECF No. 43 ¶¶ 12, 27). The Amended Counterclaims allege that, "based upon Counter-claimant's reasonable investigation, ... Bauer was not using [the mark] as a trademark in connection with each and every one of the 115 items that Bauer included in its description of goods.... Such goods include, by way of example and not by way of limitation, 'ski bibs' and 'galoshes.'" *Id*. ¶¶ 10, 25.

A registrant is "obligated to confirm the meaning and accuracy of the statements contained in the application before signing the declaration and prior to the submission to the USPTO." *Hachette Filipacchi Presse v. Elle Belle LLC*, 85 U.S.P.Q.2d 1090, 1094 (Trademark Tr. & App. Bd. 2007). The "USPTO will not issue a registration covering goods upon which the mark has not been used." *Medinol Ltd. v. Neuro VASX. Inc.*, 67 U.S.P.Q.2d 1205, 1208 (Trademark Tr. & App. Bd. 2003). "Statements regarding the use of the mark on the identified goods ... are certainly material to issuance of a registration." *Herbaceuticals, Inc. v. Xel Herbaceuticals*, 86 U.S.P.Q.2d 1572, 1576 (Trademark Tr. & App. Bd. 2008).

The Court concludes that the allegations of fraud related to "Bauer's statement that it was using the mark ... in connection with all of the 115 items identified in its ... Application," including "ski bibs" and "galoshes" (ECF No. 43 ¶¶ 10, 12, 25, 27), is adequately alleged with the particularity required by the applicable pleading standards. *See CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C-09-2429, 2009 WL 3517617, at *2-*3 (N.D. Cal., Oct. 26, 2009) (holding that a counterclaim adequately alleged fraud when it alleged that the applicant "made various false representations in its statement of use," and alleged "that, contrary to [the applicant]'s representations, at the time that [the applicant] filed its statement of use the mark was not being used in conjunction with 'all of [the applicant]'s Services,'" including specific examples). As to these allegations, the Motion to Dismiss the Amended Counterclaims is

1 denied.

2     **B.**    **Motion to Strike**

3         **1.**    **Standard of Review**

4 Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a
5 pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
6 matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the
7 expenditure of time and money that must arise from litigating spurious issues by dispensing
8 with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993),
9 *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "When considering
10 a motion to strike, the court must view the pleading in a light most favorable to the pleading
11 party." *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 969 (N.D. Cal. 2009)
12 (quotation omitted). Whether to grant a motion to strike lies within the discretion of the
13 district court. *See Fantasy, Inc.*, 984 F.2d at 1528.

14         **2.**    **Analysis**

15 Bauer moves to strike the following matters from the Amended Counterclaims: the
16 allegations of fraud; paragraph 15; and the prayer for attorneys' fees.

17 Bauer moves to strike the allegations of fraud "in the event the Court finds that Nike
18 fails to state a claim for 'fraud.'" (ECF No. 59-1 at 18). Bauer provides no authority for the
19 proposition that a court should strike allegations related to a claim which has been dismissed
20 pursuant to Rule 12(b)(6). The Court has dismissed a portion of the Amended Counterclaims,
21 as discussed above; the Court declines also to strike those allegations. The Motion to Strike
22 is denied as to the allegations of fraud.

23 Paragraph 15 of the Amended Counterclaims provides:

24 > In connection with the '375 Application, Mr. Bauer also attested that
25 > 'The applicant is submitting or will submit one specimen for each class showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services.' However, according to the USPTO TDR records,
26 > no specimen of use is shown as filed with the U.S. Patent and Trademark Office in connection with the Application.
27

28 (ECF No. 43 ¶ 15). The Amended Counterclaims do not contain further allegations related to whether Bauer submitted specimens to the PTO. The Amended Counterclaims do not allege

that Bauer knowingly failed to submit a specimen. The alleged absence of a specimen in the "USPTO TDR records" is not alleged to have been fraudulent. *Id*. Accordingly, the Motion to Strike paragraph 15 of the Amended Counterclaims is granted on the basis that paragraph 15 is immaterial.

The prayer for relief in the Amended Counterclaims seeks "fees." *Id*. at 8. Bauer contends that the statutes upon which Nike brings its counterclaims, 15 U.S.C. § 1064 (cancellation of registration) and 15 U.S.C. § 1119 (power of the court over registration), do not provide for the recovery of attorneys' fees. Nike contends that section 1117(a) of the Lanham Act provides for the recovery of attorneys' fees. Section 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Bauer responds that section 1117(a) allows the recovery of attorneys' fees in suits brought pursuant to section 43 of the Lanham Act, 15 U.S.C. § 1125, but not for suits brought pursuant to other sections of the Lanham Act. Bauer cites no case which has interpreted section 1117(a) to be so limited. In the absence of such authority, the Motion to Strike the prayer for attorneys' fees is denied without prejudice.

**C.    Motion to Stay**

Bauer moves for "an order staying discovery related to Nike's counterclaims and defense for fraud" until Nike sufficiently alleges its fraud counterclaims pursuant to Federal Rule of Civil Procedure 9(b). (ECF No. 60 at 2).

Nike contends:

> [E]ven if the Court were to grant Bauer's Motion to Dismiss [the Amended Counterclaims], the discovery requests highlighted in Bauer's motion are not, as it suggests, solely relevant to Nike's fraud counterclaims. To the contrary, Nike's discovery requests are relevant to allegations in Bauer's complaint and to Nike's affirmative defenses. In other words, even if Nike had not brought a fraud counterclaim, Nike would be entitled to discovery regarding Bauer's registrations; when, where, and exactly how Bauer used its alleged trademarks (to determine the validity and extent of its common law rights, if any); and Bauer's knowledge of, and co-existence with, the vast number of third parties that use the motto 'Don't Tread on Me' on clothing and other products to express their American pride (which is relevant to consumer perception and Nike's unclean hands and fair use defenses).

(ECF No. 62 at 4).

After reviewing the motion and the submissions of the parties, the Court concludes that

the propriety of particular discovery requests is best left to the Magistrate Judge to address on a case by case basis. The Motion to Stay is denied without prejudice.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss and Strike Amended Counterclaims is GRANTED in part and DENIED in part, as discussed above. (ECF No. 59). The Motion to Stay Discovery Regarding Counterclaims for Fraud is DENIED without prejudice. (ECF No. 60).

DATED: March 8, 2011

**WILLIAM Q. HAYES**
United States District Judge