# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company,<br><br>            Plaintiff,<br>vs.<br>NIKE, INC., an Oregon Corporation,<br><br>            Defendant.<br>_____<br>NIKE, INC., an Oregon Corporation,<br><br>            Counterclaimant,<br>vs.<br>BAUER BROS. LLC, a California limited liability company,<br><br>            Counterdefendant. | CASE NO. 09cv500-WQH-BGS<br><br>ORDER |

HAYES, Judge:

  The matters before the Court are (1) the Motions to File Documents Under Seal (ECF Nos. 110, 117); and (2) the Application for Leave to Submit Physical Garments and Voluminous Documents on a CD (ECF No. 119).

**I. Background**

  On March 12, 2009, Bauer Bros. LLC ("Bauer") initiated this action by filing a Complaint against Nike, Inc. ("Nike"). (ECF No. 1). Bauer alleges it is the owner of registered trademarks for "Don't Tread on Me" and "DTOM" on apparel. Bauer alleges Nike sells apparel bearing Bauer's trademarks without Bauer's authorization. The Complaint alleges causes of action for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and common law.

On September 19, 2011, Nike filed a Motion for Summary Judgment (ECF No. 109), a Motion to File Documents Under Seal in Connection with Nike's Motion for Summary Judgment (ECF No. 110), and an Application for Leave to Submit Physical Garments and Voluminous Documents on a CD (ECF No. 119). In the Motion to File Documents Under Seal, Nike contends:

> The documents listed below include extensive references and quotes from expert reports and depositions, which were all designated confidential, as well as references to confidential and attorney eyes only documents produced by the parties and other deposition testimony designated confidential. These include, by way of example, highly confidential marketing plans, product schematics, financial information, and internal, confidential emails.
>
> Because most of Nike's Motion for Summary Judgment (its Memorandum of Points and Authorities) contains, references, quotes, and/or explains the above-described material, which was designated as 'Confidential' or 'Attorney Eyes Only' pursuant to the parties' Protective Order, Nike believes that the entirety of the following documents are sealable:
>
> 1) Memorandum of Points and Authorities in Support of Nike, Inc.'s Motion for Summary Judgment on Liability and Fair Use and for Summary Adjudication on the Issue of Actual Damages and Cancellation of Plaintiff's Trademark Registrations;
>
> 2) Confidential Declaration of Marcus Peterson In Support of Nike, Inc.'s Motion for Summary Judgment, and Exhibits 16-42 thereto;
>
> 3) Confidential Declaration of Chris Thurman in Support of Nike, Inc.'s Motion for Summary Judgment and Exhibits 1-5 thereto;
>
> 4) Confidential Declaration of Steve Henderson in Support of Nike, Inc.'s Motion for Summary Judgment; and
>
> 5) Confidential Declaration of Kevin Davis in Support of Nike, Inc.'s Motion for Summary Judgment and Appendices A-B thereto.
>
> Counsel for Bauer Bros. indicated that it would not oppose this motion.

(ECF No. 110 at 2).

In the Application for Leave to Submit Physical Garments and Voluminous Documents on a CD, Nike contends:

> Among the items at issue in this case are garments sold by Nike. Nike requests leave to submit the actual products for the Court to reference in deciding the motion. Appendix A to this application contains photos of the garments. Nike also requests leave to submit two Bauer T-shirts as well.
>
> In addition, there has been significant third-party use of 'Don't Tread on Me' and 'DTOM' and Nike asks leave to submit examples of these products, as well as a CD containing nearly 4000 pages of such examples. These documents have

previously been produced to Bauer.

(ECF No. 119 at 2).

On September 16, 2011, Bauer filed two Motions for Summary Judgment (ECF Nos. 112, 113), and a Motion to File Documents Under Seal in Connection with Plaintiff's Motions for Summary Judgment (ECF No. 117). In the Motion to File Documents Under Seal, Plaintiff states: "Exhibits 4 and 21-15 of the concurrently filed Declaration of Darren J. Quinn in Support of Plaintiff's Motions for Summary Judgment ... constitute and/or disclose information and/or materials that the defendant Nike, Inc. ... has designated as 'Confidential' or 'Attorney's Eyes Only' pursuant to the []protective order in this case. Although Bauer disagrees with [the] designations, Bauer respectfully requests that these exhibits be filed under seal." *Id.* at 2.

## II.     Motions to File Documents Under Seal

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (quotation omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quotation omitted).

The parties have failed to failed to satisfy the "compelling reasons standard" as to each document the parties seek to have filed under seal. In the absence of "compelling reasons," the Court cannot seal the documents. The Court will not deny the Motions to File Documents

Under Seal without providing any interested party with an opportunity to meet the burden required to seal each specific document at issue.

### III. Application for Leave to Submit Physical Garments and Voluminous Documents on a CD

Nike filed photos of each garment that Nike seeks to submit to the Court. (ECF No. 119 at 4-9). Accordingly, the Application for Leave to Submit Physical Garments and Voluminous Documents on a CD is granted to the extent the motion seeks leave submit the pictured garments to the Court.

Nike does not state a basis for its request to submit "a CD containing nearly 4000 pages" which have not been filed on the docket, other than stating that the documents are "voluminous." *Id*. at 2. In deciding any motion, the Court only will consider evidentiary materials which have been filed. Accordingly, the Application for Leave to Submit Physical Garments and Voluminous Documents on a CD is denied to the extent the motion seeks leave submit a CD containing documents which have not been filed with the Court.

### IV. Conclusion

IT IS HEREBY ORDERED that the Motions to File Documents Under Seal (ECF Nos. 110, 117) remain pending before the Court. Any party seeking to have any specific document filed under seal may file supplemental materials in support of that request no later than **TEN (10) DAYS** from the date this Order is filed.

IT IS FURTHER ORDERED that the Application for Leave to Submit Physical Garments and Voluminous Documents on a CD is GRANTED in part and DENIED in part, as discussed above. (ECF No. 119).

DATED: September 22, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge