1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BAUER BROS. LLC, a California limited
liability company,

                                        Plaintiff,

        vs.

NIKE, INC., an Oregon Corporation,

                                        Defendant.
_____

NIKE, INC., an Oregon Corporation,

                                        Counterclaimant,

        vs.

BAUER BROS. LLC, a California limited
liability company,

                                        Counterdefendant.

CASE NO. 09cv500-WQH-BGS

ORDER

HAYES, Judge:

        The matter before the Court is the Motion for Reconsideration of the Magistrate Judge
Discovery Ruling filed by Plaintiff Bauer Bros. LLC ("Bauer").  (ECF No. 166).

        On February 29, 2012, the Magistrate Judge held a Discovery Hearing in this case
regarding the request by Defendant Nike, Inc. ("Nike") to exclude evidence of a silkscreen
produced by Bauer in opposition to the Motion for Summary Judgment filed by Nike.  (ECF
No. 163).  The Magistrate Judge ruled under Federal Rule of Civil Procedure 37 to exclude
paragraphs 11 and 12 of the declaration of Luke Bauer regarding the silkscreen (See ECF No.

1   132 at 3) and Exhibit F attached to that declaration depicting the silkscreen.  (See ECF No.

2   132-6).  (ECF No. 163).

3         On March 14, 2012, Bauer filed a Motion for Reconsideration of the Magistrate Judge

4   Discovery Ruling.  (ECF No. 166).  Bauer contends that the ruling of the Magistrate Judge was

5   clearly erroneous and that Bauer was not required to produce evidence of the silkscreen during

6   discovery in this case.  Bauer contends that the failure to produce evidence of the silkscreen

7   was substantially justified and harmless.  On March 21, 2012, Nike filed an opposition

8   contending that the exclusion was proper under the Federal Rules.  (ECF No. 170).  On April

9   9, 2012, Bauer filed a reply.  (ECF No. 173).

10        "Where a magistrate is designated to hear a discovery motion, '[a] judge of the court

11  may reconsider any pretrial matter ... where it has been shown that the magistrate's order is

12  clearly erroneous or contrary to law.'" *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712

13  F.2d 1324, 1325 (9th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P.

14  72(a) ("[t]he district judge in the case must consider timely objections [to nondispositive

15  matters] and modify or set aside any part of the order that is clearly erroneous or is contrary

16  to law.").  "Matters concerning discovery generally are considered 'nondispositive' of the

17  litigation." *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

18  "Review under the clearly erroneous standard is significantly deferential, requiring a definite

19  and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr.*

20  *Laborers Pension Trust,* 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez*

21  *v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same).  "[T]he magistrate judge's decision

22  ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257

23  F.3d 959, 969 (9th Cir. 2001).

24        Federal Rule of Civil Procedure 26(a) provides that "a party must, without awaiting a

25  discovery request, provide to the other parties... a copy—or a description by category and

26  location—of all documents, electronically stored information, and tangible things that the

27  disclosing party has in its possession, custody, or control and may use to support its claims or

28  defenses...." Fed.R.Civ.Pro. 26(a)(1)(A)(ii).  Federal Rule of Civil Procedure 37(c) provides

that "If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.Pro. 37(c). Federal Rule of Civil Procedure 37(b) provides that "If a party... fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders. They may include... (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence...." Fed.R.Civ.Pro. 37(b)(2)(A).

The Magistrate Judge found that production of the silkscreen evidence was required under Rule 26(a) initial disclosures and should have been included in supplemental productions by Bauer. (Discovery Hearing Transcript 10:23-24, 25:10-15; ECF No. 164 at 10, 25). The record supports this finding. The Magistrate Judge found that Bauer's failure to produce the evidence was neither harmless nor substantially justified. (Transcript 17:13-15, 18:3-7, 25:10-15, 26:21-25; ECF No. 164 at 17-18, 25-26). The record supports this finding. The Magistrate Judge ruled that the silkscreen evidence, including Exhibit F and the related testimony of Luke Bauer, shall be excluded. (Transcript 25:10-20, 26:21-25; ECF No. 164 at 25-26). Federal Rule of Civil Procedure 37 authorizes this ruling.

The findings made by the Magistrate Judge were not clearly erroneous and the ruling by the Magistrate Judge was not contrary to law. *See Rockwell,* 712 F.2d at 1325.

IT IS HEREBY ORDERED that the Motion for Reconsideration of the Magistrate Judge Discovery Ruling (ECF No. 166) is DENIED.

DATED: May 3, 2012

**WILLIAM Q. HAYES**
United States District Judge