1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BAUER BROS. LLC, a California limited
liability company,

                                    Plaintiff,

     vs.

NIKE, INC., an Oregon Corporation,

                                    Defendant.

_____

NIKE, INC., an Oregon Corporation,

                                    Counterclaimant,

     vs.

BAUER BROS. LLC, a California limited
liability company,

                                    Counterdefendant.

_____

CASE NO. 09cv500-WQH-BGS

ORDER

HAYES, Judge:

     The matters before the Court are the Motions to File Documents Under Seal filed by Plaintiff Bauer Bros. LLC ("Bauer") (ECF Nos. 117, 135) and the Motions to File Documents Under Seal filed by Defendant Nike, Inc. ("Nike") (ECF Nos. 110, 143).

## BACKGROUND

     On September 16, 2011, Nike filed a Motion to File Documents Under Seal (ECF No. 110) to accompany its motion for summary judgment. On September 16, 2011, Bauer filed a Motion to File Documents Under Seal (ECF No. 117) to accompany its motions for summary judgment. On September 23, 2011, this Court issued an Order finding that "[t]he parties have failed to satisfy the 'compelling reasons standard' as to each document the parties seek to have

filed under seal" and ordering additional briefing.  (ECF No. 122).  On September 28, 2011, Nike filed a supplemental brief in support of its Motion to File Documents Under Seal.  (ECF No. 123).

On October 12, 2011, Bauer filed a Motion to File Documents Under Seal (ECF No. 135) to accompany its opposition to Nike's motion for summary judgment.  On October 18, 2011, Nike filed a Motion to File Documents Under Seal (ECF No. 143) to accompany its reply in support of summary judgment.  On November 3, 2011, this Court issued an Order finding that "[t]he parties have failed to satisfy the 'compelling reasons standard' as to each document the parties seek to have filed under seal" and ordering additional briefing.  (ECF No. 150).  On November 14, 2011, Nike filed a supplemental brief in support of its Motion to File Documents Under Seal.  (ECF No. 153).

## DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) *quoting Nixon v. Warner Communs., Inc*., 435 U.S. 589, 597 & n.7 (1978).  Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1178-79.  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard.  That is, the party must articulate compelling reasons supported by specific factual findings... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted).  The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) *quoting Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985).

1    "Under the compelling reasons standard, a district court must weigh relevant factors,

2    base its decision on a compelling reason, and articulate the factual basis for its ruling, without

3    relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th

4    Cir. 2010) (quotations omitted).   "'Relevant factors' include the 'public interest in

5    understanding the judicial process and whether disclosure of the material could result in

6    improper use of the material for scandalous or libelous purposes or infringement upon trade

7    secrets.'" *Id.* at 659 n.6, *citing Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995); *see*

8    *also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the

9    public's interest in disclosure and justify sealing court records exist when such 'court files

10   might have become a vehicle for improper purposes,' such as the use of records to gratify

11   private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

**Motion to Seal (ECF No. 110)**

13   Nike requests that the Court seal the declaration and Exhibits 16-42 of attorney Marcus

14   Peterson because the declaration:

> …refers to, describes, and attaches documents that have been marked "Confidential" and "Attorney Eyes Only" by the parties pursuant to the Protective Order. This includes references to testimony and documents related to Nike's highly-confidential sales and marketing information; product development strategies, tactics, and plans; sketches or mock-ups of designs and prototypes that were not distributed to the public; and business agreements. The declaration also attaches Bauer Bros.' financial data, [i]nterrogatory responses containing confidential information, and emails between Bauer and its licensing agent….

20   (ECF No. 123 at 2).  Nike requests that the Court seal of the declarations of Chris Thurman and

21   Steve Henderson because those declarations "detailed the conception of the marketing

22   campaign to support the USMNT that included use of the phrase 'Don't Tread on Me' and its

23   abbreviation DTOM…. [and] describes the method through which the campaign was

24   conceived and approved by Nike as well as marketing plans and strategies to implement the

25   campaign." *Id.* at 8, 10.  Nike requests that the Court seal of the declaration of Kevin Davis

26   because that declaration "contains a 'customer list' in the form of a list of the top retailers to

27   which Nike sold the products at issue in this case… [and] includes summaries of information

28   related to the Nike products at issue, including information gathered from the Confidential

documents... as well as information gathered from Nike Attorney Eyes Only sales data." *Id*.

In this case, public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans,  unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development.   The Court finds that the materials Nike seeks to file under seal could be used for improper purposes including the release of valuable trade secrets.  Nike has shown compelling reasons that outweigh the public's interest in disclosure and justify filing the submitted sealed lodged documents (ECF No. 111-1 through 111-11) under seal.

Nike originally sought to file its memorandum of points and authorities in support of summary judgment under seal.  (See ECF Nos. 110, 123).  Nike subsequently withdrew its objection to public disclosure of the memorandum.  (ECF No. 153 at 6).  Accordingly, the memorandum of points and authorities in support of Nike's motion for summary judgment (ECF No. 111) will not be filed under seal.

**Motion to Seal (ECF No. 117)**

Bauer requested that the Court seal Exhibits 4 and 21-25 filed with the declaration of Darren Quinn in support of Bauer's motions for summary judgment because the documents "constitute and/or disclose information and/or materials that the defendant Nike... has designated as 'Confidential' or 'Attorney's Eyes Only' pursuant to the... protective order in this case." (ECF No. 117).  On September 23, 2011, this Court found that the parties failed to justify filing the documents under seal and ordered additional briefing on the matter.  (ECF No. 122).  In its supplemental brief, Nike did not seek to seal Exhibits 4, 24, or 25.  Nike seeks to seal Exhibit 21, the "declaration of no profit," which "contains Nike's confidential sales and advertising data... because having marketing thought processes, approaches, and marketing budget made public to competitors would be damaging to Nike's business." (ECF No. 153 at 3-4).  Nike seeks to seal the expert and rebuttal reports of Richard Holstrom, Exhibits 22 and 23, which refer to confidential, non-public financial data for several accused products

1   "including a detailed discussion of Nike's sales, merchandise costs, costs of goods sold, royalty

2   costs, promotional costs, and personnel costs." *Id*. at 4.  Nike asserts that "[a]ll of this data is

3   highly sensitive." *Id*.

4       The Court finds that Exhibits 21-23 could be used for improper purposes for Nike's

5   business competitors including the release of valuable trade secrets regarding Nike's sale and

6   advertising strategies and business data.  Nike has shown compelling reasons that outweigh

7   the public's interest in disclosure and justify filing Exhibits 21, 22, and 23 (ECF Nos. 118-1,

8   118-2, 118-3) under seal.   Neither party has provided sufficient justification for the filing of

9   Exhibits 4, 24, and 25.  Accordingly, Exhibits 4, 24, and 25 (ECF Nos. 118, 118-4, 118-5) will

10  not be filed under seal.

11                              **Motion to Seal (ECF No. 135)**

12      Bauer requests that the Court seal Exhibits 24-30 filed with the declaration of Darren

13  Quinn in opposition to Nike's motion for summary judgment because the documents

14  "constitute and/or disclose information and/or materials that the defendant Nike... has

15  designated as 'Confidential' or 'Attorney's Eyes Only' pursuant to the... protective order in

16  this case." (ECF No. 135).  On September 23, 2011, this Court found that the parties failed to

17  justify filing the documents under seal and ordered additional briefing on the matter.  (ECF No.

18  122).  In its supplemental brief, Nike did not seek to seal Exhibits 24-28.  Nike seeks to seal

19  the expert and rebuttal reports of Richard Holstrom, Exhibits 29 and 30, for the reasons quoted

20  above.  (ECF No. 153).

21      The Court finds that Exhibits 29-30 could be used for improper purposes for Nike's

22  business competitors including the release of valuable trade secrets regarding Nike's business

23  sales and accounting data.  Nike has shown compelling reasons that outweigh the public's

24  interest in disclosure and justify filing Exhibits 29 and 30 (ECF Nos. 136-5, 136-6) under seal.

25  Neither party has provided sufficient justification for the filing of Exhibits 24-28.

26  Accordingly, Exhibits 24-28 (ECF Nos. 136, 136-1, 136-2, 136-3, 134-4) will not be filed

27  under seal.

28

**Motion to Seal (ECF No. 143)**

Nike requests that the Court seal the declaration of attorney Marcus Peterson and the attached financial documents filed in connection with Nike's reply brief on the grounds that the documents "comprise non-public, highly confidential Nike financial data" that "contains a list of customers to whom Nike sold certain products, details Nike's accounting methods, details Nike's revenue for each product, Nike's reductions to that revenue, and details Nike's cost of goods sold for each product." (ECF No. 153 at 2). Nike asserts that "None of this data is ever made public" and that such data "should not be made public because it could be damaging to Nike's business." *Id.* Nike requests that the Court seal the declaration of Marcus Peterson because it "discusses and attaches Nike's highly confidential sales data." *Id.*

The Court finds that the financial data sought to be sealed by Nike could be used for improper purposes for Nike's business competitors, as it includes customer listings, accounting methods, costs analysis, and an attorney's discussion of that information. Nike has shown compelling reasons that outweigh the public's interest in disclosure and justify Marcus Peterson's declaration and the attached financial documents (ECF No. 144 at 1-8) under seal.

Nike originally sought to file excerpts of the deposition of William Campbell under seal. (See ECF Nos. 143, 153). Nike subsequently withdrew its objection to the public disclosure of the deposition excerpts. (ECF No. 153 at 3). Accordingly, the excerpts of the deposition of William Campbell (ECF No. 144 at 9-15) will not be filed under seal.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to File Documents Under Seal (ECF Nos. 110, 117, 135, 143) are granted in part and denied in part. The proposed sealed lodged documents ECF Nos. 111-1 through 111-11, 118-1, 118-2, 118-3, 136-5, 136-6, and 144 at 1-8 shall be filed under seal. The proposed sealed lodged documents ECF Nos. 111, 118, 118-4, 118-5, 136, 136-1 through 136-4, and 144 at 9-15 shall be filed in the public record.

DATED: May 24, 2012

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge