# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER BROS. LLC, a California limited liability company,<br><br>           Plaintiff,<br>vs.<br>NIKE, INC., an Oregon Corporation,<br><br>           Defendant.<br>_____<br>NIKE, INC., an Oregon Corporation,<br><br>           Counterclaimant,<br>vs.<br>BAUER BROS. LLC, a California limited liability company,<br><br>           Counterdefendant. | CASE NO. 09cv500-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion for Voluntary Dismissal of Counterclaims filed by Nike, Inc. (ECF No. 202).

## BACKGROUND

  On March 12, 2009, Bauer Bros. LLC ("Bauer") initiated this action by filing a Complaint against Nike, Inc. ("Nike") alleging unfair competition under the Lanham Act, unfair competition under California law, and common law trademark infringement related to two trademarks held by Bauer. (ECF No. 1). On October 8, 2010, Nike filed Amended

Counterclaims seeking cancellation of the trademarks on the grounds of fraud upon the U.S. Patent and Trademark Office. (ECF No. 43).

On September 16, 2011, Nike filed a Motion for Summary Judgment on Liability (ECF No. 109), and Bauer filed a Motion for Summary Judgment on Nike's Counterclaims (ECF No. 112). On May 24, 2012, the Court granted Nike's Motion for Summary Judgment on Liability, concluding that "the trademark registrations held by Bauer ... are void *ab initio* and cannot be used as the basis for a federal unfair competition or trademark infringement claim against Nike." (ECF No. 180 at 12). The Court denied Bauer's Motion for Summary Judgment on the Counterclaims, concluding that "Nike has shown sufficient evidence to support an inference that Bauer committed fraud on the [United States Patent and Trademark Office ('USPTO')] in obtaining federal registrations for the trademarks ....'" *Id.* at 15. Pursuant to the Court's May 24, 2012 Order, Nike prevailed on the claims of the Complaint and the counterclaims remained pending before the Court.

On May 24, 2012, the Clerk of the Court issued a judgment in the case. (ECF No. 181). On June 7, 2012, Nike filed a Motion for Attorney Fees. (ECF No. 184). On June 26, 2012, the Clerk of the Court issued an Order Taxing Costs in favor of Nike. (ECF No. 192). On September 11, 2012, the Court issued an order vacating the Judgment and Order Taxing Costs as premature and denying the Motion for Attorney Fees as premature. (ECF No. 200). The Clerk of the Court was instructed to re-open the case so that the Court could resolve the counterclaims filed by Nike.

On September 26, 2012, Nike filed a motion to voluntarily dismiss the counterclaims, to enter final judgment including an order to cancel the subject trademark registrations, and to reinstate the Order Taxing Costs and the Motion for Attorney Fees. (ECF No. 202). On October 15, 2012, Bauer filed an opposition. (ECF No. 205). On October 22, 2012, Nike filed a reply. (ECF No. 206).

**DISCUSSION**

**I.    Voluntary Dismissal**

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be

1  dismissed at the plaintiff's request only by court order, on terms that the court considers
2  proper." Fed. R. Civ. P. 41(a)(2). Dismissal pursuant to Rule 41(a)(2) is without prejudice
3  unless the order dismissing the case states otherwise. *Id*. "Rule 41 vests the district court with
4  discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the
5  court deems proper." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). "A district court
6  should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show
7  that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975
8  (9th Cir. 2001). Plain legal prejudice is defined in the Ninth Circuit as "prejudice to some
9  legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*,
10 100 F.3d 94, 97 (9th Cir. 1996). "Plain legal prejudice, however, does not result simply when
11 defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical
12 advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.
13 1982)(citation omitted); *see also Westlands Water Dist.*, 100 F.3d at 96 ("[T]he threat of future
14 litigation which causes uncertainty is insufficient to establish plain legal prejudice.)

15  Bauer fails to show that it will suffer plain legal prejudice as a result of the granting of
16 Plaintiff's motion to voluntarily dismiss the counterclaims without prejudice. Accordingly,
17 the counterclaims are dismissed without prejudice.

18 **II.  Cancellation**

19  Nike contends that "Nike has USPTO cancellation actions pending against Bauer's
20 DON'T TREAD ON ME and DTOM registrations .... Both of those cancellation actions were
21 suspended at Bauer's request pending the disposition of [this] lawsuit .... The USPTO was
22 notified in June 2012 that this Court had found that the two subject registrations were void ab
23 initio, and Nike advised the USPTO that it should, accordingly, enter cancellation of those
24 registrations .... The USPTO has yet to consider the issue." (ECF No. 202 at 6-7).

25  The Lanham Act, 15 U.S.C. §1119, states, "In any action involving a registered mark
26 the court may determine the right to registration, order the cancellation of registrations, in
27 whole or in part, restore canceled registrations, and otherwise rectify the register with respect
28 to the registrations of any party to the action." 15 U.S.C. §1119.

1  In light of the pending cancellation actions before the USPTO, the Court declines to
2  order cancellation of the subject trademarks.

3  **III.  Order Taxing Costs and Motion for Attorney Fees**

4  The Court will not reinstate the Clerk of the Court's June 26, 2012 Order Taxing Costs.
5  The Court will not reinstate the Motion for Attorney Fees filed by Nike.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Voluntarily Dismiss the Counterclaims filed by Defendant Nike, Inc. is GRANTED. (ECF No. 202). The counterclaims are dismissed without prejudice. The Clerk of the Court shall enter a final judgment in this case.

DATED:  November 26, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge